## Levitt v. Philadelphia Crematory, Inc.

*C. M. Mazzocone,* for plaintiff

*R. J. Lindsey, Jr.,* for defendant

LEVIN, J., June 30, 1970.—Plaintiff filed a complaint in mandamus asking the court to direct defendant corporation to transfer certain shares of stock to the name of plaintiff. Following the filing of an answer, plaintiff moved for summary judgment pursuant to Rule 1035 of the Pa. Rules of Civil Procedure. Following argument on the motion, we granted the motion for summary judgment for the reasons which follow.

The right of plaintiff to prevail depends upon the validity of an assignment of these shares executed

March 2, 1968, from Mary M. Green to plaintiff's decedent.

Defendant argues in its brief that the shares were an undelivered and, hence, invalid gift to Mary Ames Green. Thus, she had no title to these shares and could not assign what she did not have. But even if this argument had merit, we could not consider it, for nowhere is this point raised in the answer to the complaint. Although paragraph four of the answer states that Mary Green never had possession, such an assertion, standing alone, is hardly enough to raise the issue of undelivered gift.

Likewise, defendant raises in its brief the argument that the complaint does not allege that the certificates themselves were presented for transfer.

The complaint alleges and the answer admits that a request for a transfer of stock on the books of the corporation was made and refused for the reason that plaintiff had no right to the stock. The certificates themselves, as the answer to the complaint states, were always in the possession of the corporation. Defendant cannot be heard to argue that certificates in its possession must be presented to it.

Finally, defendant argues that the assignment of stock was not proper for lack of a proper guarantee of the endorser's signature.

We note first that the section of the Uniform Commercial Code cited by defendant applies to endorsements on the certificates, not assignments separate from the certificate. Second, the signature of the endorser is, in fact, attested to by a notary public bonded by the American Fire and Casualty Company. Thirdly, the answer to the complaint does deny that the assignment is proper, but does not raise the question of a guarantee of the signature. Furthermore, nowhere is it denied that the signature on the assignment is, in fact, proper and genuine.

Finally, the president of the corporation defendant was the father of the assignor and the assignor owned 75 percent of the stock of defendant, and was so listed in the Federal tax returns of the corporation. Under these circumstances, the corporation can hardly be heard to argue that it does not know and needs a guarantee of the signature of its principal stockholder.